UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALFRED L. AMATO<br>*United States of America ex rel.*,<br><br>Relator,<br><br>v.<br><br>**BRANCH BANKING AND TRUST COMPANY**,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.16-cv-599 (TSC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**MEMORANDUM OPINION**</u>

Before the court are Relator Alfred Amato's Request for Voluntary Dismissal Pursuant to Rule 41(A) and Motion for a Temporary Sealing Order. For the reasons stated below, the court will GRANT Relator's Request for Voluntary Dismissal and DENY Relator's Motion for a Temporary Sealing Order.

**I.     BACKGROUND**

**A. <u>Procedural History</u>**

On March 31, 2016, Relator filed this *qui tam* action against Defendant Branch Banking and Trust Company ("BB&T") pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, *et seq.* ECF No. 1 (Compl.). Relator alleges that BB&T made false statements and claims to the Federal Deposit Insurance Corporation ("FDIC") in order to receive reimbursement payments from the FDIC for financial losses it incurred on certain loans. *Id.* ¶¶ 2–15. Specifically, Relator alleges that BB&T fraudulently obtained approximately $5 million in reimbursement funds on a

mortgage loan for which he was the guarantor (the "South Fork Loan"). *Id.* ¶ 34; ECF No. 9 (Mot.) at 3. On December 8, 2017, after a full investigation into Relator's allegations, the United States declined to intervene in this action. ECF No. 7.

In light of the government's decision not to intervene, Relator filed a Request for Voluntary Dismissal Pursuant to Rule 41(A) on December 14, 2017. ECF No. 10. The government does not oppose the Request. *See id.*

## B. New York State Court Action

On June 30, 2010, BB&T sued Relator in New York state court for payment of the balance of the South Fork Loan (the "State Court Action"). Compl. ¶ 105; ECF No. 9-1 (Nelson Decl.) ¶ 2. The case was certified as ready for trial on August 8, 2016, and the parties are currently engaging in final, pretrial discovery. *Id.* On the same day he filed the Request for Voluntary Dismissal, Relator also filed a Motion for a Temporary Sealing Order, requesting that the court temporarily maintain the current seal over the entire record until the State Court Action is resolved.[1] *See generally* Mot. The government opposes this request. ECF No. 13 (Opp.).

## II. DISCUSSION

"'The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings.'" *Hardaway v. Dist. of Columbia Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). In *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir.

---

[1] This action was initially filed under seal pursuant to the FCA. *See* 31 U.S.C. § 3730(b)(2) ("The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.").

1980), the D.C. Circuit articulated "six factors that might act to overcome this presumption" of public access:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22). The weighing of these factors is "'best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Hubbard*, 650 F.2d at 316–17 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). The court finds that only one of the *Hubbard* factors—the fact that Relator has objected to disclosure—weighs in favor of maintaining a temporary seal in this case.

**A.  Need For Public Access**

As noted, there is a strong presumption in favor of public access to judicial proceedings. *Hardaway*, 843 F.3d at 980. This strong presumption is especially present in FCA cases because such cases "inherently implicate the public interest." *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) (citation omitted). Indeed, "[t]axpayers are 'real parties in interest' in FCA cases because they possess a strong interest in fraud committed against the United States that results in monetary loss to the Government." *Id.* (quoting *U.S. ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 172 (D.D.C. 2008)).

Relator does not contest the public's interest in FCA cases, acknowledging that "'FCA cases are brought with the expectation that the pleadings will eventually be unsealed.'" ECF No.

16 (Reply) at 3 (quoting Opp. at 3).  Instead, Relator argues that because he seeks only a temporary seal, the public will eventually gain access to the record, and therefore the public's interest in the case "would not be harmed at all."  Mot. at 5–6.  The court disagrees.

Relator relies on *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368 (1979), to argue that a temporary—as opposed to a permanent—seal eliminates harm to the public interest.  Mot. at 6, Reply at 3.  In *Gannett*, the Supreme Court held that the First Amendment did not entitle members of the media to attend a pretrial suppression hearing, at least so long as they could receive copies of the transcript at a later date, after the danger of prejudice to the defendant had passed.  443 U.S. at 393.  The Court permitted the temporary sealing of the pretrial suppression hearing, at least in part, because it could identify no long-standing tradition of public access to such hearings.  *Id.* at 387 ("For there exists no persuasive evidence that at common law members of the public had any right to attend pretrial proceedings; indeed, there is substantial evidence to the contrary.").  Here, on the other hand, as Relator acknowledges, "FCA cases are brought with the expectation that the pleadings will eventually be unsealed."  Reply at 3 (quoting Opp. at 3).

Moreover, Relator has failed to specify the exact duration of a temporary seal.  He claims that the State Court Action will "be tried in less than one year," Mot. at 5, but has failed to provide any support for this assertion.  Moreover, in a declaration, Relator's attorney asserts that the State Court Action was "certified for trial on August 8, 2016"—over a year and a half ago.  Nelson Decl. ¶ 2.  This assertion does not persuade the court that the State Court Action will proceed to trial in less than a year.  Absent a showing that the State Court Action will conclude in the near future, the court is not inclined to deprive the public of their right to immediately access the record in this case.  Accordingly, this factor weighs in favor of unsealing the case.

B. **Extent of Previous Public Access**

Previous public access to the sealed filings "is a factor which may weigh in favor of subsequent access." *Hubbard*, 650 F.2d at 318. The government argues that this factor weighs in favor of unsealing because Relator's Complaint was accessible to the public for a "substantial" period of time "when it was unsealed after the United States filed its Notice of Election to Decline Intervention, but before Relator filed the present motion." Opp. at 7. In addition, "the allegations and evidence referenced in [Relator's] complaint were already in the public domain and made known to BB&T through the New York state court action." *Id.*

Relator responds that the second *Hubbard* factor is neutral because the record was unsealed for only five days, and was unsealed as a result of "an administrative delay" in filing the request for a temporary sealing order. Reply at 3. This "minor (and mistaken) unsealing," Relator argues, "does not alter the conclusion that the second *Hubbard* factor is neutral." *Id.*

The court need not confront whether five days is a sufficient amount of time to tip this factor in favor of unsealing, because the information Relator seeks to maintain under seal is already in the public domain, and therefore the public already has access to the information. Relator does not refute the government's assertion that the information in his Complaint is already known to BB&T. Opp. at 7. Indeed, Relator references deposition testimony from the State Court Action throughout his Complaint. *See generally* Compl; Opp. at 7. Given this previous disclosure, the court finds that the public, and in particular BB&T, has had previous access to much of the information Relator requests remain under seal, and therefore the second *Hubbard* factor favors unsealing. *See McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 936 (D.D.C. 2003) ("Although none of these documents were available to the public prior to this

5

litigation . . . [t]he information in these documents was already made available to the public . . . and as a result, these documents are entitled to less protection under *Hubbard*.").

### C. Objection to Disclosure

As to the third factor, Relator has objected to unsealing the record in this case, and therefore this factor weighs in favor of maintaining a temporary seal. *See Durham*, 818 F. Supp. 2d at 68 ("'[T]he fact that a party moves to seal the record weighs in favor of the party's motion.'") (quoting *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010)).

### D. Strength of Interests Asserted

The court must also take into account "the property and privacy interests of the party objecting to disclosure." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (citing *Hubbard*, 650 F.2d at 320). In *Hubbard*, the D.C. Circuit considered "the objecting party's privacy interest in the *particular documents* . . . rather than the effect that unsealing the documents would have on the party's property and privacy interests generally." *Friedman*, 672 F. Supp. 2d at 60 (emphasis added). Here, Relator only describes a general privacy interest in maintaining the seal in this case, arguing that his "interest in a fair trial in the State Court Action directly implicates his privacy interests, as BB&T seeks an award of $7.4 million in that action, plus interest and attorney's fees." Mot. at 6. He does not articulate any property or privacy interests in the specific pleadings themselves, as is required under *Hubbard*. Relator's generalized interest in delaying disclosure of this case to BB&T is not sufficient to tip this fourth factor in Relator's favor. *See, e.g., Durham*, 818 F. Supp. 2d at 68 ("He does not articulate any privacy interests in the specific pleadings themselves. [Relator's] generalized interest is not sufficient to tip this factor toward Relator."). Therefore, this fourth factor favors unsealing.

E. **Possibility of Prejudice in Future Litigation**

The possibility of prejudice in future litigation "considers whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." *Friedman*, 672 F. Supp. 2d at 60 (citing *Hubbard*, 650 F.2d at 320–21). Relator argues that "revealing the existence of the present action—including the Government's declination of intervention—risks impacting the outcome [of] the State Court Action, because the South Fork Loan sits at the center of both actions." Mot. at 5. However, Relator fails to explain *how* the unsealing of the record in this case would prejudice the outcome of the State Court Action.

Although both actions involve allegations regarding the South Fork Loan, the allegations differ substantially. Here, Relator has brought an FCA case, alleging that BB&T fraudulently sought reimbursements from the FDIC for the South Fork Loan. In the State Court Action, BB&T seeks repayment of the South Fork Loan from Relator. Given the substantive differences between the cases, it is unclear the exact prejudice, if any, Relator will face should the Complaint—the content of which is already in the public domain—be unsealed. Relator's bare assertion of prejudice is insufficient to deny public access to the record in this case. *Hyatt v. Lee*, 251 F. Supp. 3d 181, 186 (D.D.C. 2017) (postponing a decision regarding the prejudice in unsealing certain documents until after the parties "adequately identified the harms associated with disclosing various documents"). This fifth factor also weighs in favor of lifting the seal.

F. **Purposes for Which Documents Were Introduced**

Relator acknowledges that because he "seeks to maintain the seal over the entire matter, including the Complaint," this factor "favors unsealing." Mot. at 7. Nonetheless, he argues that

7

because this factor is "rooted in the public's access to court filings," it is "heavily mitigated by the fact that Relator seeks only a temporary seal." *Id.* The court disagrees.

As explained above, the temporary nature of Relator's request does not outweigh the public's right to immediate access to the record in this case. This is especially true given the Relator's inability to adequately support his assertion that the trial in the State Court Action will commence within the next year. Moreover, Relator filed the Complaint with the understanding that his allegations, similar to the allegations in other *qui tam* cases, could potentially serve as the basis of a public trial. At the time Relator filed the Complaint, he was also aware of the existence of the State Court Action, the outcome of which he now claims would be prejudiced absent a ruling in his favor on the present motion. Relator cannot now request a seal—temporary or otherwise—of the judicial proceedings he voluntarily initiated. *See, e.g., United States ex rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 28 (D.D.C. 2013) (finding that the sixth *Hubbard* factor favored lifting the seal because "Relator's Complaint was intended to be the basis of a potential trial"). Accordingly, this sixth *Hubbard* factor weighs in favor of unsealing as well.

### III.    CONCLUSION

After weighing the six *Hubbard* factors, the court concludes that all but one—Relator's objection to disclosure—weighs in favor of lifting the seal in this case. For this reason, and in accordance with the "strong presumption in favor of public access to judicial proceedings," *Hardaway*, 843 F.3d at 980, the court will order that certain documents in this case be unsealed.

Additionally, in light of Relator's unopposed Motion for Voluntary Dismissal Pursuant to Rule 41(A), the court will dismiss this case.

A corresponding order will issue separately.

Date: May 8, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge